# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 26, 2025

```
* * * * * * * * * * * * * *
BARRY GRIFFITHS,              *        UNPUBLISHED
                             *
            Petitioner,       *        No. 23-243V
                             *
v.                           *        Special Master Dorsey
                             *
SECRETARY OF HEALTH           *        Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,           *
                             *
            Respondent.       *
                             *
* * * * * * * * * * * * * *
```

Phyllis Widman, Widman Law Firm, LLC, Linwood, NJ, for Petitioner.
Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 21, 2023, Barry Griffiths ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that an influenza ("flu") vaccine he received on October 27, 2021 caused and/or significantly aggravated a right shoulder injury and Parsonage Turner's Syndrome.  Petition at Preamble (ECF No. 1).

On June 9, 2025, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on his case and reimbursement of costs.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed June 9, 2025 (ECF No. 49). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $21,436.75
**Attorneys' Costs** – $8,827.64

Petitioner thus requests a total of $30,264.39. Respondent filed a response on June 17, 2025, stating that "Respondent defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed June 17, 2025, at 2 (ECF No. 52). Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $29,306.39 in attorneys' fees and costs.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant fees to be paid and when Petitioner's counsel of record is ending her representation.[3]

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by

---

[3] Petitioner's counsel, Phyllis Widman, has closed her vaccine injury practice and joined a new firm that does not handle vaccine injury cases. Pet. Mot. at 1. Accordingly, Petitioner's case will be transferred to a new counsel. See Consented Motion to Substitute Attorney of Record, filed June 26, 2025 (ECF No. 54).

'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016).

Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton, 3 F.3d at 1522.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

## 1.    Hourly Rates

Here, Petitioner requests the following hourly rates for the attorney and paralegal who worked on this matter:

**Phyllis Widman – Attorney**
    2022: $400.00
    2023: $420.00
    2024-2025: $480.00

**Paralegal**
    2023-2025: $175.00

The undersigned finds the requested rates to be reasonable and in accordance with what Ms. Widman and her paralegal have previously been awarded for their Vaccine Program work. See, e.g., Gatto v. Sec'y of Health & Hum. Servs., No. 21-924V, 2025 WL 1235088, at *3 (Fed. Cl. Spec. Mstr. Mar. 31, 2025) (awarding Ms. Widman the above rates for 2022-2025); Foukarakis v. Sec'y of Health & Hum. Servs., No. 20-1547V, 2024 WL 1156130, at *2 (Fed. Cl. Spec. Mstr. Feb. 22, 2024) (awarding Ms. Widman and paralegal the above rates for 2022-2023).[4]  The undersigned will therefore award the requested rates.

## 2.    Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable.  However, the undersigned finds a small reduction of necessary.

On June 19 and June 20, 2025, Ms. Widman billed 0.1 hour ($48.00) and her paralegal billed a total of 1.2 hours ($210.00) for "Flattened, OCR'd and labeled" various exhibits.  Pet. Mot., Exhibit ("Ex.") A at 13.  It is well known in the Vaccine Program that billing for certain administrative tasks, even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").  Preparing exhibits for filing by flattening, scanning for optical character recognition ("OCR"), and labeling the documents is a clerical task and thus noncompensable. Sokol v. Sec'y of Health & Hum. Servs., No. 16-1631V, 2019 WL 4723836, at *3-4 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (determining billing for "scanning and numbering exhibits" is a clerical and administrative task that is not compensable).  As such, the undersigned will reduce Petitioner's fees award by $258.00.

---

[4] There is not consensus on the appropriate 2024 hourly rate for Ms. Widman.  While the Chief Special Master awarded a rate of $480.00 per hour in Gatto, Special Master Roth awarded Ms. Widman a rate of $420.00 for 2024 in Williams and Special Master Horner awarded a rate of $420.00 for 2024 in Kinney.  Williams v. Sec'y of Health & Hum. Servs., No. 18-1860V, 2025 WL 755057 (Fed. Cl. Spec. Mstr. Feb. 11, 2025); Kinney v. Sec'y of Health & Hum. Servs., at *3, No. 18-1522V, 2025 WL 1305394 (Fed. Cl. Spec. Mstr. Apr. 11, 2025).  The undersigned will award a rate of $480.00 for 2024 based on the overall reasonableness of the fees requested.

### B.      Attorneys' Costs

Petitioner requests $8,827.64 for expenses incurred including $1,127.64 to cover miscellaneous costs and $7,700.00 for work performed by Dr. Georges Ghacibeh.  Pet. Mot. at 3; Pet. Mot., Ex. A at 5.

### 1.      Expert Fees

Petitioner requests $7,700.00 for 14.0 hours of work performed by neurologist Dr. Ghacibeh at a rate of $550.00 per hour.  Pet. Mot., Ex. C at 35-36.  The undersigned finds the time Dr. Ghacibeh spent reviewing medical records, medical literature, and drafting his expert report reasonable.  However, Dr. Ghacibeh's hourly rate must be reduced.

Dr. Ghacibeh has not previously been awarded a $550.00 hourly rate for his work in the Program.  Instead, Dr. Ghacibeh has been awarded a $500.00 hourly rate by the undersigned and other special masters.  Foukarakis, 2024 WL 1156130, at *4 (setting a $500.00 rate for Dr. Ghacibeh based on his qualifications); Gatto, 2025 WL 1235088, at *3.  Further, Petitioner has provided no evidence to support an increased rate of $550.00 per hour.  Consistent with past decisions, the undersigned will award Dr. Ghacibeh a rate of $500.00 per hour for his work in this case.  This results in a reduction of $700.00.[5]

### 2.      Miscellaneous Costs

Petitioner requests $1,127.64 for obtaining medical records and for the filing fee.  Pet. Mot. at 4-5.  Petitioner has provided adequate documentation supporting the cost of the medical records and filing fee.  Pet. Mot., Ex. B at 16-33.  Accordingly, the undesigned will award these costs in full.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his attorney as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $21,436.75 |
| Reduction of Attorneys' Fees: | - $258.00 |
| Awarded Attorneys' Fees: | $21,178.75 |
| | |
| Requested Attorneys' Costs: | $8,827.64 |
| Reduction of Attorneys' Costs: | - $700.00 |
| Awarded Attorneys' Costs: | $8,127.64 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$29,306.39** |

**Accordingly, the undersigned awards:**

---

[5] ($550.00 - $500.00) x 14.0 hours = $700.00.

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $29,306.39 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.